UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAPHNE SPIKES BELL,

         Plaintiff,

                     ORDER

      -vs-                13-CV-6244L

CONTINENTAL SCHOOL OF BEAUTY et al.,

         Defendants.

_____

  Plaintiff Daphne Spikes Bell, appearing *pro se*, has filed a motion for appointment of counsel. (Dkt. #9). There is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), courts have broad discretion in determining whether such assignments are warranted. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

  Such motions are not to be granted routinely, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). In exercising its discretion, then, the court must carefully consider the relevant factors, which include:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his or her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Additionally, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). *See also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204-205 (2d Cir. 2003) (appointing counsel for plaintiff alleging discrimination under Title VII would have been "inappropriate" because the plaintiff's case was based largely on "bald assertions" and was not "likely to be of substance").

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff has demonstrated her ability to pursue and present her claims. Plaintiff has also failed to demonstrate that she is likely to succeed on the merits of the complaint. *See Hendricks*, 114 F.3d at 392. In short, the proceedings thus far do not indicate a need for appointment of counsel at this time.

## CONCLUSION

Plaintiff's motion for appointment of counsel (Dkt. #9) is denied without prejudice. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. §1654; 42 U.S.C. §2000e-5(f)(1).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 6, 2013.